Clark v. Clark 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-214-CV

     DOUGLAS EUGENE CLARK,
                                                                                              Appellant
     v.

     GERALDINE MOORE CLARK ROCHE,
                                                                                              Appellee
 

From the County Court
Ellis County, Texas
Trial Court # 50894-CC
                                                                                                    

O P I N I O N
                                                                                                    

       This is an appeal by Appellant Douglas Clark from an order of the trial court finding
Appellee Geraldine Clark [Roche] not in contempt and denying Appellant's motion to enforce.
      Appellant and Appellee were divorced in California in 1987. They had two children: Kristine
(d.o.b. 12-28-79) and Nicole (d.o.b. 7-2-82). Appellant and Appellee were granted joint-legal
custody with Appellee having physical custody and Appellant having visitation.


 In 1992 both
Appellant and Appellee had moved to Minnesota where issues of residence, custody and visitation
were litigated between the parties. On August 5, 1993, the Minnesota court entered an order (1)
granting Appellee continued custody of the two children; (2) authorizing Appellee to move the
children from Minnesota to Texas; and (3) fixing Appellant's visitation on the first, third, and
fourth weekends of every month plus telephone contact any day between 4:00 P.M. and 5:00
P.M., plus the children could call Appellant collect at any time.
      Appellant and Appellee both moved to Texas, Appellant taking up residence in Cedar Hill in
Dallas County, and Appellee taking up residence in Red Oak in Ellis County.
      On November 8, 1993, Appellant filed a "Motion for Enforcement" of the August 5, 1993,
Minnesota court order, alleging Appellee did not comply with same by refusing to allow Appellant
possession and access to the children on the weekends of August 7, 21, and 28; September 4, 18,
and 25; October 2, 16, and 23; and November 6, 1993; and refused to allow him to see the
children on the weekends of May 15 and 22 and June 5 and 19, 1993, to which he was entitled
under a February 18, 1993, Minnesota court order. Appellant further alleged that Appellee
blocked all telephone communication between him and the two children.
      Appellant requested Appellee "be held in contempt, jailed, and fined for each count alleged
above." Hearing was held on Appellant's motion on January 4 and 11, 1994. The trial court
entered its order April 14, 1994, denying Appellant's motion for enforcement by contempt.
      Appellant appeals on eight points of error.
      Point one: "The trial court erred in denying Appellant's motion for enforcement by contempt,
and in refusing to enforce a prior court order because in so doing the trial court has taken away
Appellant's right to access and/or possession without finding that Appellant's parental rights
should be terminated."
      Point two: "The trial court erred in denying Appellant's motion for enforcement only on the
testimony of the children that they were afraid of [Appellant] and did not want to see him."
      Point three: "The trial court erred in failing to hold Appellee in contempt because Appellee
failed to facilitate the court's order and did not attempt to abide by the court order."
      Appellant's right to visitation under the August 5, 1993, order was on the first, third, and
fourth weekends, plus telephone contact on any day between 4:00 P.M. and 5:00 P.M. 
      Appellant's motion to hold Appellee in contempt alleged Appellee refused to allow Appellant
possession of the children on the weekends of May 15 and May 22, June 5 and June 10, August
7, 21, and 28, September 4, 18, and 25, October 2, 16, and 23, and November 6, 1993.
      Appellant testified he had not seen his children from May 6 through August 5; that he
attempted to have visitation by knocking on the door and making several phone calls; and that he
has not been able to see his children. He further testified he is on a work furlough from a four-months jail term he received in California; that he is to be confined to his residence when not
working except for four hours on Saturdays. He testified he went to see his children on May 15,
and Appellee refused to let the children go with him; that Appellee called the police and the
children told the officer they did not want to go with Appellant. Appellant admitted he struck his
daughter and there was an assault complaint filed; that he pled guilty and was given a deferred
judgment; that deferred adjudication was in effect until January 15, 1994; that he is serving time
in the Freestone County jail for a plea-bargain spousal-battery charge; and that he has been
charged with assault on a female three times.
      Appellee testified that she allowed Appellant visitation at his scheduled times between May
and June 1993; that she allowed Appellant visitation on the May 15 weekend; that Appellant had
his visitation on May 15 and May 22; that on the May 15 visitation Appellant hit Kristine and she
called the police; and that the police were called at the May 22 visitation. Appellee testified
Appellant never came to the house to exercise his visitation between August 7 and November 8,
1993; that she had not stopped the children from seeing Appellant; that Appellant had been able
to exercise his visitation by telephone; that the children are at home three or four hours a day
alone; that the children have told Appellant that they did not want to go with him and the last time
he came, Kristine called the police; that since May Appellant has tried only twice to exercise his
visitation; and that he was on "six-months probation for hitting Kristine."
      The trial court interviewed the two girls and stated: "Based on the evidence and based on the
conversation with the two girls, I'm denying the motion to enforce."
      The trial court was the judge of the credibility of the witnesses and of the weight to be given
their testimony and was, under the evidence, authorized to deny Appellant's motion.
      Points one, two and three are overruled.
      Point four: The trial court erred in modifying Appellant's visitation without a live pleading
before the court to do so."
      The trial court did not modify Appellant's visitation. The trial court's order of April 14,
1994, states: "Visitation is continued as established in the prior orders of the court."
      Point four is overruled.
      Point five: "The trial court's ruling against Appellant was clearly based on prejudice."
      The record in no way established that the trial court's ruling was based on prejudice.
      Point five is overruled.
      Point six: "The trial court erred in excluding evidence offered by Appellant."
      Appellant asserts the trial court refused to allow Officer Andrews to testify. At trial
Appellant's counsel stated: "We call Officer Andrews. He's at home recovering from surgery. 
We can talk to him by phone if the court finds that's all right." The court asked if he was
subpoenaed. Counsel for Appellant said: " He was not subpoenaed, but he said it wasn't
necessary."
      The trial court did not err in not permitting an unsubpoenaed person, who was not present t
trial, to testify over the phone.
      Point six is overruled.
      Point seven: "The trial court erred in denying Appellant's request for an updated
psychological evaluation and/or social study."
      There was no duty under the record for the trial court to order an updated social study or
psychological evaluation.
      Point seven is overruled.
      Point eight: "The trial court erred in denying Appellant's motion to modify out of hand
without any evidence on the motion."
      Appellant filed a pro se motion on September 29, 1993, to modify the August 5, 1993, order. 
The motion was not a part of this appeal. It just appears in the transcript as filed.
      Point eight is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 18, 1995
Do not publish